UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23031-CV-ALTONAGA/Simonton

**ROBERT P. WALSKY**,

    Plaintiff,

vs.

**MONEL, INC**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants, Roberto M. Duenas ("Roberto"), Alberto X. Duenas ("Alberto"), and Monel Gourmet LLC's ("Monel Gourmet[']s") (collectively, the "Defendants[']") Motion to Dismiss ("Motion") [ECF No. 8-6] Plaintiff's Amended Complaint, filed on September 4, 2012. The Motion appears as Exhibit F to Defendants' Supplement to their Removal Status Report. On September 4, 2012, Plaintiff Robert P. Walsky ("Walsky") filed his Response to the Motion ("Response") [ECF No. 9]. Defendants filed their Reply ("Reply") [ECF No. 11] on September 7, 2012.[1] The Court has carefully considered the parties' written submissions and applicable law.

### I. BACKGROUND[2]

Walsky began his employment at Monel, Inc. ("Monel"), a specialty food and confectionary distribution company, in approximately 1984. (*See* Am. Compl. ¶¶ 15–16) [ECF No. 1-4]). On January 1, 2002, after the founding partner of Monel passed away, Walsky

---

[1] Citations to the Motion and Reply reference the page numbers assigned by the CM/ECF system, as Defendants omitted page numbers in both.

[2] The allegations set forth in the Amended Complaint are taken as true.

entered into an employment agreement ("Employment Agreement") "to ensure the continued services of [Plaintiff] and the successful continuation of the business." (*Id.* ¶ 18). Walsky "requested a personal guarantee from Defendant, Roberto Duenas, regarding the performance of his employment agreement[,]" and Roberto Duenas "agreed that he would be a party to the Employment Agreement and became a party thereto." (*Id.* ¶ 19). A signed copy of the Employment Agreement is attached to the Amended Complaint as Exhibit A. (*See id.* ¶ 3).

On June 26, 2012, Walsky was terminated in "violation of the termination provisions of the Employment Agreement and Florida law." (*Id.* ¶ 22). Although Walsky made repeated requests for clarification for the "reasons for the termination of his employment," he has not received an adequate response. (*Id.* ¶ 24). Further, Defendants have "embarked on an ill-conceived course of intentional unlawful conduct" whereby Monel's assets have been or are in the process of being transferred to Monel Gourmet in violation of Florida law. (*Id.* ¶¶ 28–31).

Walsky brings this action against Defendants, Monel, and the Monel Group Health Plan, alleging thirteen counts in his Amended Complaint, including breach of contract, unpaid wages, constructive fraud and conspiracy to defraud. (*See generally* Am. Compl.). Defendants move to dismiss four counts of the Amended Complaint for failure to state a claim. (*See* Mot. 2).

## II. LEGAL STANDARD

It is well established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

A copy of a written instrument included as an exhibit to a pleading is a part of the pleading for all purposes, including a Rule 12(b)(6) motion to dismiss. *See* FED. R. CIV. P. 10(c); *Solis-Ramirez v. U.S. Dept. of Justice,* 758 F.2d 1426, 1430 (11th Cir. 1985). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1206 (11th Cir. 2007) (citations omitted). Thus, while courts accept the facts in a complaint as true in considering a motion to dismiss, the allegations can be trumped by contradictory facts presented in an exhibit or attachment to the pleading. *See id.*

### III. ANALYSIS

Defendants move to dismiss Counts I and II of the Amended Complaint (Breach of Contract and Unpaid Wages, respectively) as to Roberto and Alberto; Count VI (Constructive Fraud) as to all Defendants; and Count VII (Conspiracy to Defraud) as to Roberto and Alberto. The Court addresses the arguments in turn.

**A. Count I: Breach of Contract**

1. <u>Roberto Duenas</u>

Defendants argue Count I of the Amended Complaint, for breach of the Employment Agreement, fails to state a claim because Roberto cannot be personally liable under the Employment Agreement.

To establish a breach of contract claim under Florida law, a plaintiff must plead: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach."[3] *LSQ Funding Group, L.C. v. EDS Field Services*, No. 6:10-CV-1246-ORL-22-DAB, 2011 WL 8427610, at *4 (M.D. Fla. June 16, 2011) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)).  When the existence of a contract is premised on a written document, "[g]enerally speaking, unless it clearly appears as a matter of law that a contract cannot support the action alleged, a complaint should not be dismissed on motion to dismiss for failure to state a cause of action."  *DuBrul v. Citrosuco N. Am., Inc.*, No. 1:12CV25, 2012 WL 3811942, at *4 (S.D. Ohio Sept. 4, 2012) (quoting *Vienneau v. Metro. Life Ins. Co.*, 548 So. 2d 856, 860 (Fla. 4th DCA 1989) (citation omitted)) (applying Florida law).

Walsky's allegations support a breach of contract claim.  As to the existence of a contract, Walsky alleges that due to circumstances existing at the time he entered into the Employment Agreement, he "requested a personal guarantee from Defendant, Roberto Duenas, regarding the performance of his employment agreement," and Roberto Duenas "agreed that he would be a party to the Employment Agreement and became a party thereto."  (Am. Compl. ¶ 19).  The first page of the Employment Agreement, which includes Roberto as a party together with Walsky and Monel, supports this allegation.  (*See id.* 1).  The signature page specifies the

---

[3]  The Employment Agreement provides it "shall be governed, construed, and enforced under the laws of Florida."  (Employment Agreement ¶ 21).

"parties hereto have signed" and includes two signature blocks for Roberto: one in his corporate capacity on behalf of Monel and one in his individual capacity as an individual shareholder. (*See id.* 9). As to the second and third elements of a breach of contract claim, Walsky alleges Roberto materially breached the terms of the Employment Agreement by withholding "stock options earned, severance, benefits and vacation time earned but unpaid" (*id.* ¶ 48), and as a result of Roberto's breach, Walsky's damages include "compensation and benefits provide [sic] for in the Employment Agreement" (*id.* ¶ 49).

Defendants concede Roberto is a party to the Employment Agreement. (*See* Repl. 2). Yet Defendants argue Roberto cannot be personally liable under the Agreement, as a matter of law, for two reasons.[4] First, they assert there is "no mention of any personal liability or personal guarantee" by Roberto in the Employment Agreement. (Repl. 2). Second, they insist the language of a section of the Agreement entitled, "Consent," appearing above Roberto's individual signature, negates the possibility of personal liability under the Employment Agreement. (*See id.*). The Consent states Robert is signing as an "individual Shareholder," and giving "his written consent to the [Employment Agreement] solely in regard to and expressly limited to consenting to the stock sale, transfers, valuation, and redemptions contained therein[.]" (Employment Agreement 9). Walsky maintains the parties intended Roberto to be personally liable under the Employment Agreement as evidenced by the terms of the Agreement as well as parol evidence. (*See* Resp. 4–5).

---

[4] Defendants raise two additional arguments. First, they contend Roberto's personal liability is "expressly disclaimed in Paragraph 13 of the Employment Agreement." (Repl. 2). Paragraph 13 states, "[a]ll corporate signatures hereto are in corporate capacity only with no personal liability whatsoever." (Employment Agreement ¶ 13). By its terms, this provision does not limit the individual signatories' personal liability. Second, Defendants argue that to the extent Walsky seeks to enforce an oral agreement, such a claim is precluded by the Agreement's merger clause in paragraph 18 as well as the statute of frauds. (*See* Repl. 2). Walsky, however, does not allege the breach of an oral contract.

"All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists." Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2007) (footnote call number omitted). Defendants, as the moving party, provide no authority in their Motion (which admittedly was filed prior to removal), and only one citation to a single case in their Reply to support their argument. (*See* Repl. 1). The one case they do cite states that courts must give effect to the plain language of contracts when that language is clear and unambiguous. (*See* Repl. 1 (citing *Arriaga v. Florida Pac. Farms, L.L.C.*, 305 F.3d 1228, 1246–48 (11th Cir. 2002) (finding the contract in question ambiguous and construing it against its drafter)).

Notably, Defendants never explain why or how the plain language of the Consent appearing at the end of the Employment Agreement renders Roberto immune from personal liability for any alleged breach of the Agreement. Neither do Defendants explain why the lack of a reference to personal liability or a guarantee by Roberto renders the breach of contract claim defective. The Court notes that the contract is entitled "Employment/Shareholder Agreement;" it lists as the parties Roberto, Monel and Walsky; it is signed by Roberto as "President/Chairman only," but then in somewhat contradictory fashion it is signed again by Roberto "as an individual Shareholder," giving consent to stock sales, transfers, valuations and redemptions. (Employment Agreement 1-9). Count I alleges Walsky has been damaged in that he has not received the compensation provided for in the Agreement, "including . . . stock options . . . ." (Am. Compl. ¶ 50). "[W]hen the language of a contract is ambiguous, its construction presents a question of fact, which of course precludes summary dismissal on a Rule 12(b)(6) motion. *Maniolos v. United States*, 741 F. Supp. 2d 555, 567 (S.D.N.Y. 2010) (internal quotation marks and citations omitted); *see also Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375

F.3d 168, 178 (2d Cir. 2004) ("[A] claim predicated on a materially ambiguous contract term is not dismissible on the pleadings.").

Defendants' conclusory arguments that the Employment Agreement unambiguously disclaims Roberto's personal liability, and that consequently Walsky fails to state a breach of contract claim against Roberto, fail to persuade.

### 2. Alberto Duenas

Defendants assert because Alberto "is not a signatory to the Employment Agreement in any capacity[,]" he cannot be personally liable for any alleged breach of the Employment Agreement and Count I should be dismissed as to him. (Mot. 4) (emphasis in original). Walsky has conceded that the claim in Count I should be dismissed as to Alberto. (*See* Resp. 1 n.1).

### B. Count II: Unpaid Wages

Defendants move the Court to dismiss Count II as to both Roberto and Alberto. Defendants argue neither Roberto nor Alberto can be personally liable under the Employment Agreement for the reasons discussed *supra*, and conclude because they cannot be personally liable, they also cannot be liable for unpaid wages. (*See* Mot. 4, Repl. 1–2). Additionally, they argue the Employment Agreement is unambiguous that Monel is the employer, not Roberto. (*See* Repl. 1). Walsky responds that the "claim for unpaid wages arises out of the breach of the Employment Agreement, for which R. Duenas is individually liable[.]" (Resp. 6). However, whether Roberto and Alberto can be liable under a contract is not the issue. The question is whether they can be liable for not paying mandated minimum wages under a Florida statute, as Walsky alleges a violation of the Florida Minimum Wage Act ("FMWA"), Florida Statute section 448.110. (*See* Am. Compl. ¶¶ 51–54).

The FMWA allows a private cause of action against an employer for state-regulated

minimum wage and functions analogously to the federal Fair Labor Standards Act ("FLSA"). *See* FLA. STAT. § 448.110; *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr. Inc.*, No. 1:08-CV-00008-MP-AK, 2008 WL 5157683, at *8 (N.D. Fla. Dec. 9, 2008). As defined by the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). An officer of a corporation is deemed an "employer" within the meaning of the FLSA and is personally liable under the FMWA if the officer was either "involved in the day-to-day operation" or had "some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).

Walsky does not allege Roberto and Alberto were his employers. Although Count VI alleges they are "officers and directors of Monel" (Am. Compl. ¶ 78), Walsky does not allege Roberto or Alberto was involved in the day-to-day operations of Monel or had direct responsibility for his supervision. Consequently, the allegations in Count II are insufficient to state a claim against Roberto or Alberto under the FMWA. *See Patel*, 803 F.2d at 638.

### C. Count VI: Constructive Fraud

"A constructive fraud is deemed to exist where a duty under a confidential or fiduciary relationship has been abused." *Rogers v. Mitzi,* 584 So. 2d 1092, 1094 (Fla. 5th DCA 1991) (citations omitted). Defendants argue Count VI fails to state a claim because Walsky has not met the heightened pleading standards associated with a claim of fraud. (*See* Mot. 4–5). However, constructive fraud, unlike actual fraud "need only meet the liberal pleading requirements of Rule 8." *Linville v. Ginn Real Estate Co., LLC*, 697 F. Supp. 2d 1302, 1309 (M.D. Fla. 2010) (citations omitted).

Here, Walsky alleges Roberto and Alberto, "as officers and directors of Monel, have a

fiduciary relationship to Plaintiff," and they "abused their fiduciary relationship with Plaintiff such that an unconscionable advantage has been taken to the detriment of Plaintiff." (Am. Compl. ¶¶ 78, 80). The unconscionable advantage alleged is the "ill-advised scheme to transfer Monel's assets to Monel Gourmet for the sole purpose of defrauding creditors." (*Id.* ¶ 81). Walsky further alleges Roberto and Alberto "have taken (and/or are in the process of taking) the assets of Monel and transferring them to Monel Gourmet under the guise of a faux foreclosure." (*Id.* ¶ 29). Walsky has thus alleged facts supporting the elements of constructive fraud as to Roberto and Alberto.[5] Walsky, however, does not allege a key element of his claim against Monel Gourmet, namely that Monel Gourmet owed Plaintiff a fiduciary duty. *See Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1179–80 (M.D. Fla. 2005) (dismissing a constructive fraud claim when no fiduciary or confidential relationship was alleged). Accordingly, Count VI is dismissed as to Monel Gourmet.

### D. Count VII: Conspiracy to Defraud

To state a claim for conspiracy under Florida law, a plaintiff must allege: "(1) an agreement among two or more parties; (2) the doing of an unlawful act or a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy." *Haskin v. R.J. Reynolds Tobacco Company,* 995 F. Supp. 1437, 1440 (M.D. Fla. 1998) (quoting *Florida Fern Growers Ass'n v. Concerned Citizens of Putnam County,* 616 So. 2d 562, 565 (Fla. 5th DCA 1993)). Defendants argue that Walsky has failed to state a claim for conspiracy to defraud by Roberto and Alberto because he has failed to plead an underlying claim for fraud. (*See* Mot. 5 (citing

---

[5] Defendants make the improper factual argument that no transfer of assets has taken place and that Roberto, as a secured creditor, may lawfully foreclose on all of the assets of Monel. (*See* Mot. 3). On a motion to dismiss, the Court "limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation marks and citation omitted).

*Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1343 (S.D. Fla. 2011)).

The Court has already found Walsky has stated a claim of constructive fraud as to Roberto and Alberto, and the "claim for conspiracy to defraud is premised on the existence of a constructive fraud[.]" (Resp. 7). Walsky alleges an agreement between Roberto and Alberto to engage in the unlawful act of perpetrating a constructive fraud upon Plaintiff, which includes organizing Monel Gourmet "for the sole purpose of misleading creditors." (Am. Compl. ¶ 84). Walsky additionally alleges an overt act in furtherance of the conspiracy, namely, organizing Monel Gourmet. (*See id.*). Finally, Walsky alleges he has been damaged as a result of the organization of Monel Gourmet. (*See id.* ¶ 85). Here, Walsky pleads each element of a conspiracy. Count VII consequently states a claim as against Roberto and Alberto.

### IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion to Dismiss **[ECF No. 8-6]** is **GRANTED in part** and **DENIED in part**. Walsky has until October 2, 2012 to file a second amended complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of September, 2012.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record